IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-06-151-C |
| | ) | CIV-13-454-C |
| JACKIE LEE CHAMBERS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

On May 3, 2013, Defendant, acting pro se, filed a 28 U.S.C. § 2255 Motion to Vacate,

Set Aside or Correct his sentence (Dkt. No. 158).  In support of his request, Defendant

contends he did not have an attorney-client relationship, defense counsel violated his due

process rights by failing to disclose a conflict of interest, the government violated his due

process rights by failing to turn over <u>Brady</u> material and knowingly used false witnesses, the

Court lacked jurisdiction to try and sentence him, and the actions of his counsel and the

government prevented him from fully accessing the courts.  As evidence, Defendant relies

on his own affidavit, which he claims is established as "fact" because the government failed

to respond with a counter-affidavit.[1]

---

[1] Defendant also argues he raised each of these matters before the Southern District of Georgia and that "Judge Lisa Godbey Wood agreed by 'Tacit Procuration' that all the facts contained in the various affidavit(s), filed by the Petitioner, were accepted as true and correct by ALL parties through the principle of 'nihil dicit' in that no party disputed through counter affidavit any of the facts contained in those affidavit(s)." (Def.'s Mot., p. 5.)  According to Defendant, a Private Administrative Judgment issued in his favor on April 15, 2013.  To support this assertion, Defendant directs the Court to an attached Exhibit.  However, Defendant's Exhibit only contains a statement by a third-party, David Mark Rivera, certifying that an Affidavit of Non-Response was sent from Jackie Lee Chambers to Chief District Judge Lisa Godbey Wood and that the Chief Judge subsequently failed or refused to respond.  (Def.'s Mot., Ex. B.)

After reviewing Defendant's Motion and the record of prior proceedings, the Court concludes that Defendant's claims are without merit and his Motion should be dismissed pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.[2]  The record belies Defendant's assertion of a complete lack of an attorney-client relationship:   After being appointed by the Court, Attorney Terri Coulter filed numerous motions on behalf of Defendant, including motions to suppress, a motion to dismiss, motions in limine, and a Rule 29 acquittal motion, and represented Defendant at trial and sentencing.  Although the Court would normally construe Defendant's claim as one for ineffective assistance of counsel, given the liberal interpretation of pro se filings, Defendant specifically instructed the Court not to do so.  (Def.'s Mot at 4 ("NOT to be construed as a

---

Contrary to Defendant's claims, the Chief Judge adopted the Magistrate Judge's Report and Recommendation and dismissed Defendant's writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, after finding that Defendant should have brought his claims pursuant to 28 U.S.C. § 2255.  See Chambers v. Hastings, Case No. CV212-195, 2013 WL 607656 (S.D. Ga. Feb. 19, 2013).

[2] Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts requires a judge to dismiss a § 2255 motion without first ordering a response if it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief.

claim of 'ineffective counsel' – the issue as raised is a lack of counsel").)[3]   Therefore,

Defendant's contention that he has never been represented by an attorney lacks merit.

Defendant also argues that both the government and his defense counsel violated his

due process rights.   As with his claim for lack of attorney-client relationship, Defendant's

claims rely on his own conclusory allegations, rather than any substantiating evidence.   Even

with the liberal construction given pro se filings, this is insufficient.   See United States v.

Moya, 676 F.3d 1211, 1213 (10th Cir. 2012) (noting a § 2255 motion must be supported by

facts pointing to a real possibility of error and that conclusory allegations alone are

---

[3] Defendant argues that Attorney Coulter never represented him because there was a purported conflict of interest relating to the receipt of money from a party with interests adverse to Defendant.   The Supreme Court has recognized that the regular ineffective assistance test set forth in Strickland v. Washington, 466 U.S. 668, 685-86 (1984), requiring Defendant to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694, does not apply "where assistance of counsel has been denied entirely or during a critical stage of the proceeding."   Mickens v. Taylor, 535 U.S. 162, 166 (2002).   Attorney conflict, such as in the case of multiple defendant representation, can support a claim of ineffective assistance of counsel warranting an exception to Strickland's prejudice requirement.   Id. at 167-174.   Merely stating that there was a purported conflict is insufficient, however.   See Dunlap v. Clements, 476 F. App'x 162, 168 (10th Cir. 2012) (describing Mickens' rule as presuming prejudice after a party demonstrates that an actual conflict of interest exists and that the conflict impaired the representation), cert. denied, ___ U.S. ___, 133 S.Ct. 1244 (2013).   Here, as in Dunlap, "[t]he relevant rule here, from [Cuyler v. Sullivan, 446 U.S. 335, 350 (1980)], is that the 'possibility of conflict is insufficient to impugn a criminal conviction.   In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.'"   Dunlap, 476 F. App'x at 168.   Other than vague allegations about a third-party payment to Attorney Coulter, Defendant has not explained the purported conflict.   Thus, even if the Court ignored Defendant's instruction and construed Defendant's claim as one for ineffective assistance based on conflict, Defendant's claim cannot succeed.   Not only has he not demonstrated an actual conflict, by alleging specific facts, rather than general accusations, he also has not even attempted to demonstrate how exactly the purported conflict impaired his representation by Attorney Coulter.   Thus, he cannot take advantage of Mickens' presumption of prejudice.

insufficient (<u>citing</u> Advisory Committee Note, 1976 Adoption, Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts; <u>United States v. Fisher</u>, 38 F.3d 1144, 1147 (10th Cir. 1994))).  Defendant's claim for lack of access to the courts, relying on the same allegations, fails for the same reason.

Finally, Defendant contends that the Court must vacate his sentence because the Court never established its personal jurisdiction over him.  This argument is without merit.  The Logan County Sheriff arrested Defendant in Logan County, Oklahoma.  Logan County, Oklahoma, sits within the Western District of Oklahoma.

Accordingly, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 158) is hereby DENIED.  A Judgment will enter accordingly.

IT IS SO ORDERED this 12th day of June, 2013.


ROBIN J. CAUTHRON
United States District Judge